CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 15 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| TRACI L. COUNTS, | ) | Civil Action No. 2:13cv00012 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NORTON COMMUNITY | ) | |
| HOSPITAL/MOUNTAIN STATES | ) | |
| HEALTH ALLIANCE, | ) | |
| | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Plaintiff Traci L. Counts brings this action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, ("ADA") and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, ("FMLA") against Norton Community Hospital ("NCH"),[1] alleging that NCH failed to accommodate her disability, discriminated against her, and retaliated against her, all in violation of the ADA, and terminated her for taking leave, in violation of the FMLA. The defendants have filed a motion to dismiss, arguing that Counts failed to plead sufficient facts in support of her ADA claims and that, in any event, the court should dismiss Counts' ADA claims to the extent they are based on events occurring prior to the 300-day period allotted for an aggrieved employee to file a charge of discrimination with the EEOC. In addition, NCH has moved to strike Counts' requests for compensatory damages, punitive damages, and a jury trial on her ADA retaliation claim. At oral argument on NCH's motions, the court granted Counts leave to amend her complaint, mooting NCH's sufficiency-of-the-facts argument. After reviewing NCH's remaining arguments, the court denies NCH's motion to dismiss any portion of

---

[1] Counts has named Norton Community Hospital/Mountain States Health Alliance as the defendant. But according to NCH's corporate disclosure statement, Mountain States Health Alliance is NCH's corporate parent and a separate legal entity. Counts never served Mountain States Health Alliance, so this action proceeds against NCH only.

Counts' ADA claims, and grants NCH's motion to strike Counts' requests for compensatory damages, punitive damages, and a jury trial as to Counts' ADA retaliation claim.

I.

Briefly, and in the light most favorable to Counts, the facts are as follows. Counts started working for NCH as a "radiological technologist" in 2005. In 2006, doctors diagnosed her with Crohn's disease. Because of her condition, Counts occasionally took FMLA leave to care for herself. On several occasions (and as late as January of 2012) Counts asked NCH for two accommodations. First, she asked NCH to allow her to take occasional snack breaks during the work day. Second, she asked NCH to allow her to work eight-hour shifts after NCH lengthened her shifts from eight to twelve hours. NCH refused both requests. In the early part of 2012, Counts took a period of FMLA leave. When she returned to work, NCH suspended her and eventually fired her, claiming that she had threatened coworkers. On August 28, 2012, Counts signed a charge with the EEOC, alleging disability discrimination and retaliation.

II.

NCH argues that the court should dismiss Counts' ADA claims to the extent they are based on events occurring prior to the 300-day period in which a plaintiff must file a charge of discrimination with the EEOC. The court denies NCH's motion to dismiss.

Under Title VII, an employee must file a charge with the EEOC before bringing a civil suit in court. See, e.g., Edwards v. Murphy-Brown, L.L.C., 760 F. Supp. 2d 607, 618 (E.D. Va. 2011). In "deferral states" like Virginia, the employee has 300 days from the last date of discrimination to file that charge. Edelman v. Lynchburg College, 300 F.3d 400, 404 (4th Cir. 2002). NCH therefore argues that the court should dismiss Counts' ADA claims to the extent they include events occurring prior to the 300-day period preceding her EEOC charge. In

considering NCH's motion in the light most favorable to Counts, however, it is sufficient at this stage to recognize that at least some of the alleged discriminatory acts appear to have occurred within 300 days of the EEOC filing. Under the circumstances, the question of whether certain acts are independently actionable is best postponed until both parties have had the opportunity to conduct discovery on the issue. See Session v. Anderson, No. 7:09cv00138, 2010 WL 519839 (W.D. Va. Feb. 11, 2010) (reaching a similar result). Accordingly, the court denies NCH's motion to dismiss.

### III.

NCH moves to strike Counts' requests for compensatory damages, punitive damages, and a jury trial on her ADA retaliation claim. Citing Rhoads v. FDIC, 94 F. App'x 187 (4th Cir. 2004), NCH argues that plaintiffs cannot recover compensatory and punitive damages for violations of the ADA's anti-retaliation provisions. Though "courts have grappled with the question of whether compensatory and punitive damages may . . . be awarded for retaliation-based claims under the ADA," Evans v. Larchmont Baptist Church Infant Care Ctr., Inc., --- F. Supp. 2d ---, 2013 WL 3458203 (E.D. Va. July 8, 2013), the court agrees with NCH. See Alvarado v. Cajun Operating Co., 588 F.3d 1261, 1264–70 (9th Cir. 2009) (explaining that the statute delineating those specific ADA provisions allowing for recovery of punitive and compensatory damages was unambiguous and did not include the ADA retaliation statute); Rhoads, 94 F. App'x at 188 ("Rhoads' claim that she was entitled to recover compensatory and punitive damages in her trial for violation of the ADA's anti-retaliation provision fails because such relief is unavailable." (citing Kramer v. Banc of Am. Sec., LLC, 355 F.3d 961, 965 (7th Cir. 2004))); Kramer, 355 F.3d. at 965 ("We thus conclude that the 1991 Civil Rights Act does not expand the remedies available to a party bringing an ADA retaliation claim against an employer

3

and therefore compensatory and punitive damages are not available."). As a result, because Counts' only remedies on her retaliation claim are equitable in nature, "she has no statutory or constitutional right to a jury trial." Kramer, 355 F.3d at 966; see also Bowles v. Carolina Cargo, Inc., 100 F. App'x 889, 890 (4th Cir. 2004) (finding that the plaintiff had no right to a jury trial on his ADA retaliation claim (citing Kramer, 355 F.3d at 964–66)). Accordingly, the court grants NCH's motion to strike Counts' requests for compensatory damages, punitive damages, and a jury trial on her ADA retaliation claim.[2]

## IV.

For the reasons stated, the court denies NCH's motion to dismiss, and grants NCH's motion to strike Counts' requests for compensatory damages, punitive damages, and a jury trial.

**ENTER**: August 15, 2013.

UNITED STATES DISTRICT JUDGE

---

[2] The court notes that Counts has also requested "such other and different relief as may be deemed appropriate." Am. Compl. 6, ECF No. 23.

4